JjTOBIAS, Judge.
In this action to nullify a default judgment, Arcadian Truck Lines/T.T.C. Illinois, Inc. (hereinafter “T.T.C.”) appeals the trial court judgment sustaining the plaintiffs, Folger Coffee Company’s (“Fol-ger”), exception of no right of action, which dismissed its petition to intervene. We reverse the judgment of the trial court and remand.
On 10 October 1995, Roy and Helen Hall filed a personal injury action against Fol-ger for damages allegedly sustained by Roy Hall when he fell from a platform at the Folger warehouse in New Orleans. The trial court entered a default against Folger on 24 January 1996, and confirmed the default by judgment on 15 July 1996. Folger appealed and filed this separate action to annul the default judgment based on insufficient service of process. This Court stayed the appeal of the default judgment (No. 96-CA-2146) on 16 January 1997 pending disposition of the nullity action.
On 1 May 1997, T.T.C., Hall’s employer, filed a petition to intervene in the Halls’s personal injury suit, seeking reimbursement for the amounts it paid to Hall 12and on his behalf in workers’ compensation and medical benefits. Subsequently, T.T.C. filed another intervention in Folger’s suit to nullify the default judgment, alleging that it had paid $94,866.00 in workers’ compensation benefits and $73,936.04 in medical benefits. Again, T.T.C. claimed that, pursuant to the Louisiana Workers’ Compensation Act, it was entitled to reimbursement of the amounts it had paid or was obligated to pay Hall as a result of his injuries if the default judgment in the Halls’s favor is upheld. Folger responded, filing exceptions of no right of action, prematurity and vagueness. Folger argued that T.T.C.’s allegations and claims for relief could only be asserted in its interven *622 tion in the Halls’s personal injury suit. The trial court sustained the exception of no right of action and dismissed T.T.C.’s petition to intervene.
T.T.C. moved for a new trial, arguing that Folger had produced no evidence to show T.T.C. was not the proper party to assert its interests in upholding the default judgment. On 19 October 1999, the trial court denied T.T.C.’s motion for new trial.
The only issue before us is whether T.T.C. has a right to intervene. Folger argues that T.T.C. has no right to intervene in its suit to nullify the default judgment because a judgment in the nullity action cannot grant T.T.C. the monetary relief it has prayed for in its petition.
La. R.S. 23:1101(D)(1) permits an employer or its insurer to intervene in any action brought by its injured employee to recover amounts paid as workers’ compensation. La. C.C.P. art. 1091, relevant to intervention, provides:
|3A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
(1) Joining with plaintiff in demanding the same or similar relief against the defendant;
(2) Uniting with defendant in resisting the plaintiffs demand; or
(3) Opposing both plaintiff and defendant.
The right to intervene requires the existence of a justiciable cause between the parties that is related or connected to the facts of the principal demand where a judgment on the principal demand will have a direct impact on the intervenor’s[1] rights. In re Medical Review Panel Claim of Dunjee, 97-0451 (La.App. 4 Cir. 5/27/98), 715 So.2d 64.
Clearly, T.T.C. has a statutory right to intervene in Folger’s nullity suit. In the event the default judgment against Folger is upheld, T.T.C. would have a claim for reimbursement for the amounts it paid Hall in workers’ compensation and medical benefits. If the default judgment is vacated and the case is remanded for a trial on the merits, T.T.C.’s claim for reimbursement would be contingent on the resolution of the issues of liability and damages. Because the outcome of the nullity action certainly will affect T.T.C.’s interest, it has a sufficient justiciable cause to intervene.
Folger argues that allowing T.T.C. to intervene in the nullity action would prejudice Folger’s defense to the underlying tort suit because Folger would be forced to answer the intervenor’s allegations, which also relate to the tort suit. We find this argument without merit. In answering T.T.C.’s intervention to the nullity faction, Folger may simply deny the statements that it determines are objectionable. Further, we specifically note that the only issue to be adjudicated in the nullity action is whether the 15 July 1996 judgment is valid. The trial court cannot rule on the Halls’s underlying tort claim against Fol-ger because, inter alia, that matter pends in this Court and is the subject of the appeal currently stayed. T.T.C.’s allegations in the petition for intervention must be read only in an historical context to show that it has a right to intervene. Its prayer for damages should be disregarded because an intervenor cannot object to the form of the action or to any defects and *623 informalities personal to the original parties. La. C.C.P. art. 1094.
Accordingly, for the above reasons, the trial court judgment is reversed. The matter is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.

. We note that the correct spelling of the word for the person who intervenes is "inter-venor”. We further note that our legislature has chosen to call the person who intervenes the "intervener''. La. C.C.P. arts. 1092 and 1094.